**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00352-MR-WCM**

| | | |
|---|---|---|
| **DAVETTE G. BUCHANAN,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **O R D E R** |
| | **)** | |
| **ANTHONY LAUSH, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| _____ | **)** | |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff Davette G. Buchanan brings this action against a number of employees of the Charles George VA Medical Center in Asheville, North Carolina, a facility operated by the United States Department of Veterans Affairs.  As a basis for her claims, the Plaintiff alleges only as follows:

> Due to violation of management and prohibited personnel practices, I have suffered physical abuse and mental abuse.  A hostile work environment has been created toward me.  I have been bullied daily.  I suffer from mental anguish as well as physical anguish.  Management has maliciously slandered me and caused severe emotional trauma. Humiliation has been bestowed upon me.  I have had general damages toward my vehicle and my personal items at work.  Intimidation from management and friends of management continues. I suffer from permanent PTSD with panic attacks and

anxiety.  Today is "Day 623," post needle assault and
gun threat.

[Doc. 1 at 9].  She seeks four million dollars in damages.  [Id. at 8].

Because the Plaintiff has paid the $400 fee associated with the filing of

this action, the statutory screening procedure authorized under the *in forma*

*pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable.   Nevertheless,

the Court has inherent authority to dismiss a complaint when it is apparent

that the Court lacks subject matter jurisdiction.  United States ex rel. Vuyyuru

v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) ("[W]hen a district court lacks

subject matter jurisdiction over an action, the action must be dismissed.").

The lack of subject matter jurisdiction is an issue that may be raised at any

time.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th

Cir. 2008).   "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

As the basis for federal subject matter jurisdiction, the Plaintiff cites a

number of federal criminal statutes.[1]  [Id. at 7].  Reliance on federal criminal

---

[1] Specifically, the Plaintiff cites 18 U.S.C. § 2 (aiding and abetting), 18 U.S.C. § 287 (false
claims), 18 U.S.C. § 351 (assassination, kidnapping, assault of federal officials), 18
U.S.C. § 552 (aiding importation of obscene material), 18 U.S.C. § 1001 (false
statements), 18 U.S.C. § 1028 (identify fraud), 18 U.S.C. § 1029 (access device fraud),
18 U.S.C. § 1031 (fraud against the United States), 18 U.S.C. § 1035 (healthcare fraud),
18 U.S.C. § 1037(b)(1)(A) (email fraud), 18 U.S.C. § 1114 (protection of federal
employees), 18 U.S.C. § 1501 (assault on process server), 18 U.S.C. § 1621 (perjury),

statutes, however, is insufficient to confer subject matter jurisdiction, as a plaintiff cannot assert a private civil action under such statutes. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another") (citation omitted); United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003) (noting that no private right of action arises under 18 U.S.C. §§ 241 or 242) Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (holding that criminal statutes do not provide private causes of action); Dressler v. Jefferson County, No. 2:18-cv-01126, 2019 WL 1052285, at *2 (S.D.W. Va. Jan. 17, 2019) (noting that federal criminal statutes do not afford a plaintiff a private cause of action), report and recommendation adopted by 2019 WL 1053626 (Mar. 5, 2019).

For the reasons stated herein, the Court concludes that it lacks subject matter jurisdiction over the Plaintiff's claims. Accordingly, the Plaintiff's Complaint is dismissed.[2]

---

18 U.S.C. § 1752 (restricted buildings), 21 U.S.C. § 853 (criminal forfeiture), and 8 U.S.C. § 1324 (harboring certain aliens).

[2] Even if the Court were to disregard the Plaintiff's citation of federal criminal statutes as the sole basis for the existence of jurisdiction, the vague and conclusory nature of the Plaintiff's allegations prevent the exercise of subject matter jurisdiction in this case. The Plaintiff fails to allege when and where the events complained of occurred. She fails to allege that any of the named Defendants were involved in the events complained of, and she fails to identify anything that any of the named Defendants did to harm the Plaintiff.

**IT IS, THEREORE, ORDERED** that the Plaintiff's Complaint is hereby

**DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: January 14, 2020

Martin Reidinger
United States District Judge

---

Without such basic information, the Complaint fails to provide any basis for the Court to conclude that federal question jurisdiction exists in this case. The Court offers no opinion as to whether subject matter jurisdiction lies in North Carolina's state courts.